**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JOSEPH BRYAN**                                                                                      **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO.  3:15CV331 HTW-LRA**

**CAROLYN W.  COLVIN,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**                    **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Joseph Bryan appeals the final decision denying his application for a period of disability and disability insurance benefits ("DIB").  The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge.  Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, the undersigned recommends that the decision be remanded.

Plaintiff is a United States Army veteran who served from 1991-2012.  His military service included two tours of duty in Iraq.  In April 2014, Plaintiff filed an application for DIB alleging a disability onset date of October 1, 2012, due to post-traumatic stress disorder, peripheral neuropathy in his legs, bilateral ankle osteoarthritis, lumbar spine degenerative disc disease and scoliosis, right knee degenerative arthritis, left knee strain, tinnitus, and varicose veins in both legs.  He has a high school education with one year of college, and was 40 years old on his alleged onset date.  After retirement from the military, he worked for very brief periods as a material handler and an automotive

assembler. Following agency denials of his application, an Administrative Law Judge ("ALJ") rendered an unfavorable decision finding that he had not established a disability within the meaning of the Social Security Act. Aggrieved, Plaintiff submitted additional VA records as new and material evidence for the Appeals Council's consideration. The Appeals Council denied Plaintiff's request for review. He now appeals that decision, and submits opinions from his treating providers as additional evidence in support.

Upon reviewing the evidence, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. At steps two and three, the ALJ found that although Plaintiff's anxiety, alcohol abuse, post-traumatic stress disorder, neuropathy, and osteoarthritis were medically severe, they did not meet or medically equal any listing. At step four, the ALJ found that Plaintiff could not return to his past relevant work, but had the residual functional capacity to perform light work with the following limitations:

> He can lift and carry forty pounds occasionally and fifteen pounds frequently; stand or walk for six hours of an eight-hour day, for thirty minutes at a time; and sit for six hours of an eight-hour day for two hours at a time. He can push or pull up to ten pounds with the lower extremities;

---

[1]Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152,154 (5th Cir. 1999).

>they are occasionally numb and cannot feel texture.  He cannot crawl or operate foot controls.  He can understand, remember, and carry out simple instructions and routine tasks.  He can concentrate for two-hour periods.  He should have non-confrontational supervision.  He cannot work in crowds in his immediate workspace of ten or more people but he can have occasional interaction with the general public and coworkers.  He can adapt to occasional simple changes in the workplace.[2]

Based on vocational expert testimony, the ALJ concluded at step five, that given Plaintiff's age, education, work experience, and residual functional capacity, he could perform work as a sorter, electronic equipment assembler, and checker.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: "(1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (citing *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991)). Evidence is substantial if it is "relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)).  This Court may not re-weigh the evidence, try the case *de novo*, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

---

[2] ECF No. p. 6, 21.

3

**Discussion**

Plaintiff argues that the ALJ's decision should be reversed, or alternatively remanded for several reasons, two of the primary reasons being: the ALJ failed to explain the reasons for assigning Plaintiff's VA disability ratings diminished weight; and, the ALJ failed to adequately consider Plaintiff's unsuccessful work attempts.

Plaintiff suffered a traumatic brain injury from a rocket propelled grenade explosion during combat in Iraq. Plaintiff was diagnosed and hospitalized for post-traumatic stress disorder ("PTSD") before retiring from the military in 2012. After his retirement, Plaintiff briefly worked at several jobs but was allegedly unable to continue them because of symptoms related to his PTSD. He worked at KIA Manufacturing Plant, for instance, but was fired approximately one month later because he could not handle the noise. He was also employed at Lowe's, but was asked to leave because of incidents due to his anger and irritability. On one occasion, Plaintiff stated that he grabbed a customer by the arm and "bent his back and pushed him away." On another occasion, he yelled "cover" when he heard a loud noise. At the administrative hearing, Plaintiff testified that his panic attacks "make breathing difficult, increases his vigilance, and makes him want to escape a situation."[3] He also testified that he spends most of his time in isolation and has difficulty leaving his home, and working around crowds of people without getting into altercations.[4]

---

[3] ECF No. 6, p. 22.

[4] ECF No. 6, pp. 31-44.

**VA Disability Findings**

The Veterans Administration ("VA") issued a report assessing Plaintiff with an overall disability rating of 90% effective October 1, 2012. The report assigns a 50% rating for PTSD and major depressive disorder, and the remaining 50% to Plaintiff's physical impairments. Upon further evaluation, the VA found that Plaintiff's PTSD had worsened and increased his PTSD rating from 50% to 70% on May 30, 2014, resulting in an overall disability rating of 100%. As his first assignment of error, Plaintiff argues that the ALJ erroneously disregarded his 100% disability rating contrary to controlling law. The Commissioner responds that the ALJ gave sufficient reasons for assigning the VA disability ratings "some weight," and was not required to discuss them in great detail.[5]

It is well settled that a "VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Loza v. Apfel*, 219 F.3d 378, 394 (5th Cir. 2000); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981). The Fifth Circuit has explained:

---

[5] ECF No. 6, pp. 237-38; 449-51. The VA's report explains: "We do not add the individual percentages of each condition to determine your combined rating. We use a combined rating table that considers the effect from the most serious to the least serious condition." ECF No. 6, p. 238.

> [W]e have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination *if they adequately explain the valid reasons for not doing so.*

*Chambliss,* 269 F.3d at 522 (emphasis added); *Vaught v. Astrue*, 271 F. App'x 452, 454–55 (5th Cir.2008); *see also* SSR 06-03p, 2006 WL 2329939 at *6 (S.S.A. Aug. 9, 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.").  "While there is no bright-line rule in the case law or regulations setting forth what level of explanation or discussion of valid reasons is necessary to be considered adequate, the ALJ's decision must show meaningful consideration of the VA disability determination and provide specific reasons for giving the determination diminished weight." *Moody v. Astrue*, 2:10-CV-0230, 2012 WL 1019590, at *5 (N.D. Tex. Mar. 9, 2012).  An ALJ may choose to disagree with the findings of the VA, so long as the record reflects that the agency's findings and the underlying evidence were considered.  *See Chambliss*, 269 F.3d at 522;  *Kinash v. Callahan*, 129 F.3d 736, 739 (5th Cir. 1997); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988).  The ALJ's failure to do so is reversible error.  *Kinash*, 129 F.3d at 739.

In the present case, the ALJ found Plaintiff was generally credible regarding his physical limitations, but "overstate[d] his mental problems."  In making this determination, the ALJ summarized VA treatment records showing that Plaintiff responded well to psychotropic medication in January 2013, and was generally alert, fully

6

oriented, cooperative and coherent during mental examinations.  He also assigned significant weight to the opinion of consulting examiner, Dr. Patsy Zakaras, who reported that on examination, Plaintiff had good recent and remote memory; was able to do simple addition, multiplication, and division; and, had good abstract thinking skills and logical thought processes, with no reports of hallucinations, delusions or suicidal ideation.  In Dr. Zakaras's assessment, Plaintiff could perform routine repetitive tasks, follow and understand directions, and interact with others, but would have difficulty in crowds and large groups.  The ALJ remarked that Dr. Zakaras was "a specialist familiar with the Social Security evidentiary requirements" whose opinion was "largely consistent with the findings of Plaintiff's providers."[6]  With respect to Plaintiff's VA disability rating, the ALJ stated the following:

> Only some weight is given to the disability ratings from the Veterans Affairs disability assessment, as this program is different from Social Security (Exhibit 2F).  Furthermore, the Veterans Affairs records do not demonstrate objective findings that differ from the consultative examination findings.[7]

The Court is not persuaded, given the facts presented, that the ALJ provided adequate reasons for assigning Plaintiff's disability ratings diminished weight.

While the ALJ's decision provides reasons for assigning the consultative examiner's opinion substantial weight, it does not show "a meaningful consideration of the VA disability determinations" or set forth "specific reasons for giving the

---

[6] ECF No. 6, pp. 22, 327-29.

[7] ECF No. 6, pp. 24.

determinations diminished weight." *Albo v. Colvin*, No. 2:12-CV-0066, 2013 WL 5526584, at *7 (N.D. Tex. Sept. 30, 2013). The ALJ notes that the agencies employ different standards, and then summarily states that VA records do not demonstrate objective findings that differ from the consultative examination, without referencing or discussing the rating or evidence relied upon by the VA for making its determinations. *McCown v. Astrue*, No. G-06-745, 2008 WL 706704 at *17 (S.D. Tex. Mar. 14, 2008) (remanding because the ALJ only acknowledged the VA rating in his decision, reciting that the rating was not binding and was inconsistent with objective medical evidence).

Further, the ALJ addresses only Plaintiff's initial VA disability rating in his decision, despite Plaintiff's testimony that he had received a 100% VA disability rating at the administrative hearing. The Court notes that Plaintiff submitted the VA's 100% disability rating after the ALJ issued his decision, as part of his appeal to the Appeals Council. Apart from acknowledging that Plaintiff had submitted new evidence and incorporating it into the record, the Appeals Council made no further mention of it, except its denial that the evidence provided a basis for changing the ALJ's decision.[8] Although

---

[8]The Appeals Council considers additional evidence only if it is new, material, and relates to the period on or before the ALJ's decision. 20 C.F.R. § § 404.970(b), 404.976 (B). "Evidence that was 'not in existence at the time of the administrative . . . proceedings meets the 'new' requirement for remand to the Secretary.'" *Hunter v. Astrue*, 283 F.App'x. 261, 262 (5th Cir. 2008) (quoting *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989)). To be material, the evidence must "relate to the time period for which benefits were denied," and it may not "concern evidence of a later-acquired disability, or of the subsequent deterioration of a previously non-disabling condition." *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). There must also be a reasonable possibility that the evidence would have changed the outcome of the Commissioner's determination. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). When additional evidence is presented to and considered by the Appeals Council, the evidence

the Appeals Council is not required to provide a detailed discussion in denying a claimant's request for review, *Higginbotham v. Barnhart*, 405 F.3d at 334, the Court cannot conclude, in light of this new evidence, that the Commissioner's final decision is supported by substantial evidence. *Jones v. Astrue*, 228 F. App'x. at 407.

The new evidence indicates that the VA increased Plaintiff's disability rating because it found that his PTSD had worsened for the following reasons: persistent hallucinations; difficulty in adapting to work; difficulty in adapting to stressful circumstances; inability to establish and maintain effective relationships; impaired impulse control; difficulty in adapting to a work-like setting; unprovoked irritability with periods of violence; disturbances of motivation and mood; flattened affect; difficulty in understanding complex commands; panic attacks more than once a week; impairment of short-and-long term memory; occupation and social impairment with reduced reliability and productivity; depressed mood; chronic sleep impairment; anxiety; and, suspiciousness.[9] *See Rodriguez*, 640 F.2d at 686 ("A VA rating of 100% disability should have been more closely scrutinized"); *Ruiz v. Colvin*, No. 3:13-CV-1102-J-JRK, 2014 WL 4809526, at *5 (M.D. Fla. 2014) ("Upon review of the evidence of the 100% VA disability rating submitted to the Appeals Council in light of the other evidence contained

---

becomes part of the administrative record and a reviewing court must determine whether the denial of benefits remains supported by substantial evidence. *Jones v. Astrue*, 228 F. App'x. 403, 407 (5th Cir. 2007); *Higginbotham*, 405 F.3d 332, 335 at n.1 (5th Cir. 2005).

[9]ECF No. 6, p. 450.

in the administrative transcript, the undersigned finds that the Appeals Council's denial of review was erroneous and the denial of benefits is not supported by substantial evidence."). Such evidence is sufficiently inconsistent with the record before the ALJ that remand is required so that the Commissioner may re-weigh the evidence. *Lee v. Astrue*, No. 3:10-CV-155-BH, 2010 WL 3001904, at *7 (N.D. Tex. July 31, 2010) (remanding to Commissioner for reconsideration where Appeals Council failed to specifically address new evidence that diluted the record to the point that Commissioner's determination was insufficiently supported).

In sum, the ALJ's failure to fully consider the VA's disability ratings and determination is grounds for remand.[10]  *Kinash*, 129 F.3d at 739.  Remand is additionally required for consideration of all the evidence, including the evidence submitted to the Appeals Council.

## Unsuccessful Work Attempts

Plaintiff also argues that the ALJ failed to consider his unsuccessful work

---

[10]*McCaa v. Astrue*, No. 09-72 -SCR, 2010 WL 1533287, * 6 (M.D. La. Apr, 14, 2010) "[T]he ALJ's legal error in failing to consider and weigh the disability rating by the VA is not a situation where the principle of harmless error can be applied or where benefits can be automatically awarded."); *J.W.M. v. U.S. Commissioner Social Security Administration*, No. 08–CV–0814, 2009 WL 3645105 at *2 (W.D. La. Oct. 30, 2009) (finding that the ALJ's failure to consider the VA's disability determination and lack of "explanation of valid reasons for not giving great or some level of weight to the VA decision" was reversible error based on Fifth Circuit precedent); *Welch v. Barnhart*, 337 F.Supp.2d 929, 935-36 (S.D.Tex. 2004) (finding that ALJ's failure to discuss claimant's VA disability rating and total disregard of his VA disability determination was reversible error and harmless error analysis was not applicable because it would put the court in the position of reweighing evidence and substituting its own judgment for that of the Commissioner).

attempts, which reportedly show that he cannot "consistently perform substantial gainful activity without episodes of hallucination and acting out."[11]

In order for a period of employment to be considered an unsuccessful work attempt under the regulations, the claimant must have stopped working or reduced his earnings below the substantial gainful activity earnings level due to his impairment, or to the removal of special conditions allowing him to work.  20 C.F.R. § 404.1574(c)(1)& (2). [12] Where the claimant's work activity is less than three months, it will be considered an unsuccessful work attempt if the claimant stopped working because of the impairment or the removal of special conditions. *Id. at* § 404.1574(c)(3).  If the claimant's work efforts lasted between three and six months, it will be considered an unsuccessful work attempt if it ended because of the impairment or removal of the special conditions, and either: (i) the claimant was frequently absent because of the impairment; (ii) the claimant's work was unsatisfactory because of the impairment; (iii) the claimant worked during a period of temporary remission of his impairment; or, (iv) the claimant worked under special conditions that were essential to his performance and these conditions were removed. *Id.* at § 404.1574(c)(4).  Work attempts that last longer than six months will not be

---

[11]ECF No. 18, p. 6.

[12]The Court notes that the ALJ found that Plaintiff had not engaged in substantial gainful activity at step one because none of Plaintiff's earnings from his work efforts exceeded the statutory amount of "disqualifying substantial gainful activity."  However, the ALJ found that Plaintiff could not perform his "past relevant work" at step four.  The ALJ's classification of Plaintiff's work attempts as "past relevant work" at step four appears to be inconsistent with his finding that Plaintiff's prior work did not rise to level of substantial gainful activity at step one.  On remand, the ALJ should clarify any contradiction.

considered an unsuccessful work attempt regardless of why it ended, or was reduced below the substantial gainful activity earning level.

An independent review of the record in this case suggests that Plaintiff's work efforts after retiring from the military may qualify as unsuccessful work attempts. Plaintiff's earning records and disability reports appear to show that he performed these jobs less than six months. Also, Plaintiff has consistently maintained to his treating and examining physicians that these jobs ended because of his mental impairments. Plaintiff's work activity at Lowe's, in fact, ended shortly before the VA increased his disability rating due to his PTSD. Further, Form SSA-823 in the record indicates that the Social Security Administration made an initial determination that Plaintiff's work activity should be considered unsuccessful work attempts. The ALJ's failure to address any of this evidence makes it difficult for the court to conduct a meaningful review.[13]

Although the ALJ found that Plaintiff could perform other work consistent with his residual functional capacity at step five,[14] a residual functional capacity assessment must be based on all relevant evidence, including "[e]vidence from attempts to work." Social Security Ruling 96–8p, 1996 WL 374184, at *5. An ALJ need not mention every piece

---

[13]ECF No. 6, pp. 119-164, 165-68, 169-84.

[14]*See Harris v. Astrue*, No. 08-3746, 2009 WL 2342112, at *4 (E.D. Pa. July 27, 2009) (explaining that "even if there [is] an erroneous step four finding, it can be rendered harmless by the identification of other work consistent with the plaintiff's residual functional capacity at step five"); *Getch v. Astrue*, 539 F.3d 473-82 (7th Cir. 2008) ("Had the ALJ conducted a step-five analysis to determine whether Mr. Getch could perform other jobs in the national economy, the error might be harmless." ).

of evidence, but absent a finding of whether Plaintiff's work efforts constituted unsuccessful work attempts, the Court cannot fully evaluate whether the ALJ's residual functional capacity assessment is supported by substantial evidence, or adequately accounts for Plaintiff's mental limitations.  Some courts have reversed decisions where the ALJ failed to adequately consider unsuccessful work attempts in assessing a claimant's credibility and residual functional capacity.  *See*, e.g., *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000) (remanding because evidence supported conclusion that symptoms of claimant's personality disorder made working with others impossible and thus claimant's work effort constituted an unsuccessful work attempt); *Reider v. Apfel*, 115 F. Supp. 2d 496, 505 (M.D. Pa. 2000) (remanding where ALJ failed to address evidence of unsuccessful work attempts substantiating medical opinion that Plaintiff has significant memory deficits"). Other courts have affirmed cases where the ALJ considered unsuccessful work attempts as evidence of a claimant's ability to work.  *See Barraza v. Barnhart*, 61 F. App'x. 917 (5th Cir. 2003); *Cintron v. Astrue*, No. 3:09-CV-44, 2010 WL 691219, at *15 (N.D. W.Va. Feb. 23, 2010) ("The ALJ properly considered Plaintiff's unsuccessful work attempt in addition to the other evidence in determining that her allegations of disability were not completely credible."); *Phares v. Comm'r of Soc. Sec.*, No. 3:07-CV-90, 2008 WL 2026097, at *15 (N.D. W.Va. May 9, 2008) (finding that even if work was not considered substantial gainful activity, it "is still properly considered in evaluating the credibility of Plaintiff's subjective pain and limitations").

## Conclusion

The undersigned does not suggest that Plaintiff is or is not disabled due to his PTSD. In fact, further analysis on remand may very well result in the same conclusion. However, further discussion and scrutiny of both Plaintiff's VA disability ratings and work attempts are required. Because the Court remands this case for further development on these grounds, the Court need not consider whether it should be remanded on other grounds including those based on the additional evidence submitted by Plaintiff from his treating sources on appeal. However, the ALJ should consider the relevance of such evidence, and the weight, if any, that it should be assigned.

For all these reasons, the undersigned recommends that the ALJ's decision should be remanded for further proceedings consistent with this decision. Plaintiff's motion should be granted only to the extent that the case is remanded to the Commissioner; the Motion for an Order Affirming the Commissioner's Decision should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636.

This the 25th day of August 2016.

/s/  Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE